UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

CLARENCE CURRY, on behalf of himself
and others similarly situated,

      Plaintiffs,

      v.

NNS TRADING INC., a Florida Corporation d/b/a
SIMON'S SPORTSWEAR, DANI SHIMON, individually
and ILAN SHIMON, individually,

      Defendants.
_____/

## COMPLAINT

1.      Plaintiff, CLARENCE CURRY (referred to as "Plaintiff"), is an individual residing in Miami Dade County, Florida.

2.      Defendants, NNS TRADING INC., a Florida Corporation, d/b/a SIMON'S SPORTSWEAR (referred to as "SIMON'S SPORTSWEAR"), DANI SHIMON, and ILAN SHIMON, have at all times material to this Complaint had a principal address at 1065 W. Hallandale Beach Boulevard, Hallandale, Florida 33009 and have sold athlete apparel, shoes and accessories to customers throughout the State of Florida, in Miami-Dade, and Broward County, Florida, within the jurisdiction of this Court at the following locations: (i) 45 S. Pompano Parkway, Pompano Beach, Florida 33069; (ii) 6011 Kimberly Boulevard, North Lauderdale, Florida 33068; (iii) 1597 NW 40th Avenue, Lauderhill, Florida 33313; (iv) 12801 W. Sunrise Boulevard #803, Sunrise, Florida 33323; (v) 3881 Oakwood Boulevard, Hollywood, Florida 33020; (vi) 1065 W. Hallandale Beach Boulevard, Hallandale Beach, Florida 33009; (vii) 698 NE 167th Street, Miami, Florida 33162; (viii) 19652 NW 27th Avenue, Miami Gardens, Florida 33056; (ix) 11401 Pines

Boulevard #634, Pembroke Pines, Florida 33026; (x) 21367 NW 2nd Avenue, Miami, Florida 33169; (xi) 1186 NW 54th Street, Miami, Florida 33127; (xi) 6442 NW 186th Street, Hialeah, Florida 33015; (xii) 604 Collins Avenue, Miami Beach, Florida 33139; (xiii) 250 N State Road 7, Hollywood, Florida 33024; (xiv) 10390 NW 7th Avenue, Miami, Florida 33150; (xv) 17044 Collins Avenue #225, Sunny Isles Beach, Florida 33160; (xvi) 217 Lincoln Road, Miami Beach, Florida 33139; (xvii) 604 Collins Ave, Miami Beach, Florida 33139; (xviii) 704 Lincoln Road, Miami Beach, Florida 33139; and (xix) 1186 NW 54th Street, Miami, Florida 33127.

3.      Defendants, DANI SHIMON (referred to as "D. SHIMON") and ILAN SHIMON (referred to as "I. SHIMON") have at all times material to this Complaint each owned, managed, and/or operated SIMON'S SPORTSWEAR and D. SHIMON and I. SHIMON have regularly exercised the authority to hire and fire Plaintiff and Defendants' other employees, determined the manner in which Plaintiff and Defendants' other employees are compensated, determined how Plaintiff and Defendants' other employees' hours worked are tracked or recorded, set the rates of pay of Plaintiff and Defendants' other employees, and controlled the finances and operations of SIMON'S SPORTSWEAR.  By virtue of such control and authority, D. SHIMON and I. SHIMON are employers and/or joint employers of Plaintiff and the other similarly situated employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).

4.      Plaintiff brings this action on behalf of himself and other current and former employees of SIMON'S SPORTSWEAR, D. SHIMON and I. SHIMON (collectively referred to as "Defendants") for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).[1]

---

[1] Attached hereto is a signed Consent to Join of Plaintiff, CLARENCE CURRY.

5.      Jurisdiction is conferred on this Court by 29 U.S.C. §216(b), and 29 U.S.C. §1337.

6.      A substantial part of the events giving rise to this action, occurred in Miami-Dade County, within the jurisdiction of the United States District Court for the Southern District of Florida.

7.      At all times material to this Complaint, including but not necessarily limited to during the years 2012, 2013, 2014, 2015 and 2016, SIMON'S SPORTSWEAR has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, SIMON'S SPORTSWEAR has employed two (2) or more employees who, *inter alia*, have regularly: (a) regularly handled and worked on office equipment—including but not limited to computers, photocopier/scanner, printers, telephones—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; (d) regularly sold and worked with athletic apparel, shoes, clothing, and accessories which were goods and/or materials were manufactured outside the State of Florida and moved in or produced for commerce; and (d) regularly processed bank and/or other electronic transfers and credit card transactions across Florida and other State lines throughout the United States.

8.      Based upon information and belief, the annual gross sales volume of SIMON'S SPORTSWEAR has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2012, 2013, 2014, 2015 and 2016.

9.      At all times material to this Complaint, including but not necessarily limited to during the years 2012, 2013, 2014, 2015 and 2016, SIMON'S SPORTSWEAR has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10.      In or around mid-July 2014, Defendants hired Plaintiff based upon on an hourly basis, plus the opportunity for commissions, at hourly rates as follows: (a) mid-July 2014 to December 2014: $8.00/hour; (b) January 2015 to February 2015:  $8.05/hour; (c) March 2015 to April 2015:  $8.50/hour; (d) May 2015 to July 2015: $9.00/hour; and (e) August 2015 to December 2015:  $10.00/hour.

11.      At all times material to this Complaint between approximately mid-July 2014 and December 2015, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e).

12.      Between approximately mid-July 2014 and March 2014, Plaintiff worked at Defendants' location at 217 Lincoln Road, Miami Beach, Florida 33139 and Plaintiff subsequently alternated between Defendants' locations at 604 Collins Avenue, Miami Beach, Florida 33139, 704 Lincoln Road, Miami Beach, Florida 33139, and 1186 NW 54th Street, Miami, Florida 33127.

13.      During the three (3) year statute of limitations period between approximately mid-July 2014 and December 2014, Plaintiff's primary duties for Defendants as a "Sales Associate" were non-exempt in nature, consisting of: (a) selling merchandise; (b) display setups; (c) maintaining merchandise and apparel; and (d) cleaning the store and windows.

14.      Between approximately January 2015 and December 2015, Plaintiff continued to carry out primary duties as a non-exempt, hourly "Sales Associate" for Defendants, consisting of: (a) selling merchandise; (b) display setups; (c) maintaining merchandise and apparel; and (d)

cleaning the store and windows, along with additional duties which Defendants labeled as an hourly-paid "Key Holder" that included (e) counting cash and ensuring registers opened and closed with funds on site; (f) physically opening or closing the store; and (g) shipping, receiving, and completing physical counts of shoes and organizing apparel.

15.     Between approximately mid-July 2014 and December 2015, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants in multiple work weeks without Defendants paying Plaintiff time and one-half of his applicable regular rates of pay (inclusive of both hourly and commission wages) for *all* of Plaintiff's actual overtime hours worked.

16.     During the three (3) year statute of limitations period between approximately mid-July 2014 and approximately December 2015, Plaintiff regularly worked six (6) and seven (7) days per week with hours as follows: (a) start times regularly around 9:00 a.m. and with stop times around 4:00 p.m. three (3) days per week when working the morning shift; and (b) start times regularly around 4:00 p.m. and with stop times between 11:00 p.m.-12:00 midnight three (3) to four (4) days per week when working the afternoon shift, averaging between approximately Forty-Five and One-Half (45.5) and Forty-Nine (49) hours per week.

17.      Although Defendants paid Plaintiff for some of his overtime hours worked in 2014 and 2015 based upon solely Plaintiff's regular hourly rate of pay, Defendants failed to include Plaintiff's earned commissions when calculating Plaintiff's applicable overtime rates.  In addition, Defendants failed to compensate Plaintiff altogether for the full extent of all his actual overtime hours worked each week between July 2014 and December 2015.

18.     Based upon Defendants having failed to pay Plaintiff any overtime compensation at all for an average of at least Four (4) overtime hours per week—as a result of Defendants failing to credit Plaintiff for the full extent of *all* of his actual overtime hours worked each week—during

a total of approximately Sixty (60) work weeks between mid-July 2014 and December 2015, and Plaintiff being owed unpaid overtime wages at the approximate rates of $12.89/hour in 2014 and $14.04/hour in 2015, Plaintiff's unpaid overtime wages total approximately $3,300.63 [($12.89/hour x 4 unpaid OT hours/week x 15 weeks = $773.12) + ($14.04/hour x 4 unpaid OT hours/week x 45 weeks = $2,527.50) = $3,300.63].

19.    In addition, subject to discovery, as a result of Defendants' failure to properly calculate Plaintiff's applicable overtime rates of pay for some of the hours he worked in excess of Forty (40) hours per week between approximately mid-July 2014 and December 2015, and Defendants instead paying Plaintiff for (i) approximately 119.50 total overtime hours in 2014 at the rate of $12.00/hour, during which time Plaintiff earned approximately $566.66 in commissions without Defendants factoring in those commissions to Plaintiff's applicable overtime rate; and (ii) approximately 220.00 or more total overtime hours in 2015 at the rates of $12.08/hour, $12.75/hour, $13.50/hour, and $15.00/hour, during which time Plaintiff earned approximately $722.25 in commissions without Defendants factoring in those commissions to Plaintiff's applicable overtime rates, Plaintiff estimates he is owed a rate differential in unpaid overtime wages of (i) approximately $0.89/hour for 119.50 overtime hours from 2014 totaling approximately $105.81; and (ii) approximately $0.54/hour for at least 220.00 overtime hours from 2015 totaling  approximately $119.17.

20.    The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt Sales Associates and Key Holders, however variously titled, who have worked for Defendants in one or more weeks between October 2013 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week.

21.     Defendants have not complied with the requirements of the Fair Labor Standards Act by, *inter alia*:  (a) failing to maintain accurate time records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and other similarly situated non-exempt employees between October 2013 and the present, as required by the FLSA, 29 C.F.R. §516.2; and (b) failing to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and other similarly situated non-exempt employees in one or more weeks between October 2013 and the present while also failing to factor in commissions when calculating the overtime rates of pay that Defendants did pay for some of the overtime hours worked by Plaintiff and the other similarly situated employees.

22.     At all times material to this Complaint, Defendants had knowledge of the actual hours worked by Plaintiff and other similarly situated non-exempt employees in multiple work weeks between October 2013 and the present, all of which work was for the benefit of Defendants. Nonetheless, Defendants knowingly and willfully failed to compensate Plaintiff and the other similarly situated employees with the minimum wages required by law and time and one-half wages for all of their actual overtime hours worked, instead accepting the benefits of the work performed by Plaintiff and the others similarly situated to him without paying the compensation required by the FLSA.

23.     Based upon information and belief, records of some of the hours worked by Plaintiff and the other similarly situated employees between October 2013 and the present are in the possession, custody, and/or control of Defendants.

24.     Based upon information and belief, the complete records reflecting the wages and compensation actually paid by Defendants to Plaintiff and the other similarly situated employees between October 2013 and the present are in the possession, custody, and/or control of Defendants.

675f73fae644a75c

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

25.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 24 above.

26.     Plaintiff is entitled to be paid time and one-half of his applicable regular rate(s) (inclusive of both hourly and commission wages) of pay for each and every hour he worked for Defendants in excess of Forty (40) hours per work week between approximately July 2014 and December 2015.

27.     All similarly situated current and former non-exempt Sales Associates and Key Holders, however variously titled, who have worked in one or more weeks between October 2013 and the present for Defendants at any locations are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between October 2013 and the present.

28.     At all times material to this Complaint, Defendants had actual notice and knowledge that its compensation practices did not provide Plaintiff and the other similarly situated non-exempt Sales Associates and  Key Holders, however variously titled, with time and one-half wages for all of their actual overtime hours worked between October 2013 and the present based upon, *inter alia*:  (a) failing to maintain accurate time records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and other similarly situated non-exempt employees between October 2013 and the present, as required by the FLSA, 29 C.F.R. §516.2; and (b) failing to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and other similarly situated non-exempt employees in one or more weeks between October 2013 and the present while also failing to factor in commissions

when calculating the overtime rates of pay that Defendants did pay for some of the overtime hours worked by Plaintiff and the other similarly situated employees.

29.     By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff and the other non-exempt Sales Associates and Key Holders, however variously titled, have suffered damages plus incurring costs and reasonable attorneys' fees.

30.     Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and Defendants' other non-exempt Sales Associates and Key Holders, however variously titled, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

31.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

32.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, CLARENCE CURRY, and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, NNS TRADING INC., d/b/a SIMON'S SPORTSWEAR, DANI SHIMON, and ILAN SHIMON, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated:  October 8, 2016                          Respectfully submitted,


                                    By:     **s/KEITH M. STERN**
                                            Keith M. Stern, Esquire
                                            Florida Bar No. 321000
                                            E-mail:  employlaw@keithstern.com
                                            Hazel Solis Rojas, Esquire
                                            Florida Bar No. 91663
                                            E-mail:  hsolis@workingforyou.com
                                            LAW OFFICE OF KEITH M. STERN, P.A.
                                            One Flagler
                                            14 NE 1st Avenue, Suite 800
                                            Miami, Florida 33132
                                            Telephone:  (305) 901-1379
                                            Facsimile:  (561) 288-9031
                                            Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>NNS Trading Inc. d/b/a Simons Sportswear, Dani Shimon and ILan Shimon</u> as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.      I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

<u>Clarence Curry</u>
Printed Name

**Signature:** _____
Clarence curry (Jul 1, 2016)

**Email:** ████████████████████