## **SETTLEMENT AGREEMENT AND RELEASE**

1.  This Agreement covers all understandings between CLARENCE CURRY (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, assigns, beneficiaries, personal representatives, and heirs) and NNS TRADING INC., a Florida Corporation d/b/a SIMON'S SPORTSWEAR, DANI SHIMON, and ILAN SHIMON (hereinafter referred to as **"Defendants,"** a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2.  For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A.  To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's alleged employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit Case No. 16-24279-Civ-Scola, pending in the United States District Court for the Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act.  This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement, except that this release does not compromise, waive, or prejudice any claims for unemployment compensation benefits consistent with Florida Statutes §443.041(1), or any claims arising from work-place injuries, including but not limited to claims for worker's compensation benefits or worker's compensation relief consistent with Florida Statutes §440.21.

    B.  To submit this Agreement to the Court in Case No. 16-24279-Civ-Scola for review and approval pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), with the Court to retain jurisdiction to enforce this Settlement

Agreement.

C. To agree and acknowledge that this settlement does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

D. Plaintiff acknowledges that he has no unknown or unreported workplace injuries from his employment with Defendants.

E. Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Defendants in any forum or form, other than Case No. 16-24279-Civ-Scola.

F. Plaintiff waives any right to future employment with Defendants and agrees that he shall not apply for employment with Defendants in the future.

G. Plaintiff agrees not to make or publish any disparaging statements about Defendants to any third parties.

H. Aside from filing this Agreement for review and approval in Case No. 16-24279-Civ-Scola., Plaintiffs shall not disclose the terms of this Agreement to anyone except to Plaintiff's spouse, attorneys, tax advisors, or as compelled by force of law.  In the event Plaintiff is compelled by force of law to disclose the contents of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendants telephonically and confirmed immediately thereafter in writing so that Defendants will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena. If Plaintiff is asked about this case by any third parties, he will respond by only saying that the case was amicably resolved.

3. For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree as follows:

A. Defendants agree to pay, within ten (10) days of the Court's Order of Approval and Dismissal in Case No. 16-24279-Civ-Scola, three (3) checks as follows:

(1) one check made payable to CLARENCE CURRY in the amount of $2,072.50, less applicable tax withholdings, as consideration towards alleged overtime wages;

(2) one check made payable to CLARENCE CURRY in the amount of $2,072.50, from which no withholdings shall be taken, as consideration towards alleged liquidated damages; and

    (3) one check made payable to Keith M. Stern, P.A. in the amount of $4,755.00 for $855.00 in cost reimbursements and $3,900.00 in resolution of all of Plaintiff's claims for attorneys' fees in Case No. 16-24279-Civ-Scola.

 B. To submit this Agreement to the Court in Case No. 16-24279-Civ-Scola for review and approval pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), with the Court to dismiss this lawsuit with prejudice and to retain jurisdiction to enforce this Settlement Agreement.

 C. In exchange for the consideration in this Agreement from Plaintiff, Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Plaintiff's employment or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the effective date of this Agreement.

 D. If Defendants are asked about this case by any third parties, they will respond by saying that the case was amicably resolved.  Further, Defendants agree not to disclose to any third parties that Plaintiff filed any claims against Defendants.  Rather, if Defendants are contacted by or communicate with any individuals or businesses about Plaintiff, Defendants agree they will confirm only the dates during which Plaintiff performed work for Defendants, the job/position Plaintiff held with Defendants, Plaintiff's final rate of pay.

  4. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney.  Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

  5. The effective date of this Agreement shall be the date of the Court's Order of Approval and Dismissal in Case No.: 16-24279-Civ-Scola. In the event the Court does not approve of this settlement agreement, this agreement, its requirements, and its releases shall be of no force or effect.

  6. This Agreement supersedes any and all prior agreements between the parties.  No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendants.

7. This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic and facsimile signatures shall be deemed effective as original signatures.

8. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

9. The law governing this Agreement shall be that of the United States and the State of Florida. Any dispute arising hereunder shall be exclusively brought in a court of competent jurisdiction in Miami-Dade County, Florida.

DATE: 11/30/16         Signature: _____
                                  CLARENCE CURRY


DATE:_____       Signature: _____
                                  On behalf of NNS TRADING INC., a Florida
                                  Corporation d/b/a SIMON'S SPORTSWEAR


DATE:_____       Signature: _____
                                  DANI SHIMON


DATE:_____       Signature: _____
                                  ILAN SHIMON

4

provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

9.   The law governing this Agreement shall be that of the United States and the State of Florida. Any dispute arising hereunder shall be exclusively brought in a court of competent jurisdiction in Miami-Dade County, Florida.

DATE:_____        Signature: _____
                                         CLARENCE CURRY

DATE:_____        Signature: _____
                                         On behalf of NNS TRADING INC., a Florida
                                         Corporation d/b/a SIMON'S SPORTSWEAR

DATE: 11/28/16        Signature: _____
                                         DANI SHIMON

DATE: 11/28/16        Signature: _____
                                         ILAN SHIMON

4